# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00278-MR
# [CRIMINAL CASE NO. 1:14-cr-00061-MR-DLH]

| | |
|---|---|
| RIGOBERTO MORALES OCAMPO, ) ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion under 28 U.S.C. § 2255 or Alternatively under U.S.C. 28 § 2241." [Doc. 1]. For the reasons that follow, Petitioner's motion will be denied and dismissed as premature.

**I.   BACKGROUND**

On August 5, 2014, Petitioner was indicted in this District on one count of illegal reentry into the United States after having been convicted of an aggravated felony. On December 29, 2014, Petitioner pleaded guilty without a plea agreement. He was sentenced on May 28, 2015, to a term of 46 months' imprisonment. Thereafter, on June 5, 2015, Petitioner filed a direct

appeal to the United States Court of Appeals for the Fourth Circuit. [Doc. 23]. That appeal is still pending before the Fourth Circuit.

On December 11, 2015, the Clerk docketed Petitioner's present Motion to Vacate in which he contends that he is entitled to relief from his sentence. [Doc. 1 at 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's appeal is presently pending before the Fourth Circuit. See United States v. Ocampo, No. 15-4337 (4th Cir. 2015). Accordingly, Petitioner's judgment is not yet final. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (holding that judgment becomes final when time for filing petition for certiorari expires).

2

Based on the foregoing, the Court finds that Petitioner's motion must be denied as premature.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 or Alternatively under 28 U.S.C § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 18, 2016

Martin Reidinger
United States District Judge